UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

D. BRYCE DAVIS,

            Plaintiff,

                                    Case No. 20-cv-780-pp

   v.

MARK ZUCKERBERG,

            Defendant.

_____

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND ALLOWING THE PLAINTIFF TO FILE AN AMENDED MOTION OR PAY THE FILING FEE**

_____

      Between May and September of 2020, the plaintiff filed eight cases in the Eastern District of Wisconsin, suing a myriad of defendants ranging from Mark Zuckerberg to the United States Department of the Navy and the Mequon Police Department. <u>Davis v. Zuckerberg</u>, Case No. 20-cv-780; <u>Davis v. Yahoo Corporate Headquarters</u>, Case No. 20-cv-789; <u>Davis v. Twitter</u>, Case No. 20-cv-999; <u>Davis v. United States Marine Corps</u>, Case No. 20-cv-1125; <u>Davis v. United States Dept. of the Navy</u>, Case No. 20-cv-1146; <u>Davis v. The Department of Defense</u>, Case No. 20-cv-1261; <u>Davis v. The Department of Justice</u>, Case No. 20-cv-1275; <u>Davis v. The Mequon Police Department</u>, Case No. 20-cv-1359. In each case, the plaintiff has filed a motion for leave to proceed without prepaying the filing fee. Because the court needs additional information to rule on those motions, the court will deny without prejudice the pending motion and allow the plaintiff either to file an amended motion for leave to proceed

1

without prepaying the filing fee in each case or pay the $400 fee associated with each filing.

**I.      Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff indicated that he was employed by Anytime Fitness in Germantown, Wisconsin, but that at the time he filed the complaint he was collecting unemployment because of COVID-19. Dkt. No. 2 at 2. The court notes that when the plaintiff filed the case, fitness clubs were just beginning to reopen in Wisconsin. https://www.jsonline.com/story/money/business/2020/05/21/coronavirus-wisconsin-gyms-reopen-capacity-limits-isinfectant/5214667002/. The Anytime Fitness facility in Germantown appears to be open as of the date of this order, https://www.facebook.com/GermantownAnytimeFitness/, though the court does not know whether the plaintiff has returned to work.

The plaintiff indicates that he does not own a car or a home. Dkt. No. 2 at 3. He wrote "n/a" on the line asking how much he paid for rent or a mortgage. Id. at 2. The only expenses he listed were medical ($228), phone ($94), groceries ($125) and child support ($228 each for his two children). Id. at 1-2. He indicates that he has $1,500 in cash, checking, savings or other similar accounts. Id. at 3. In the "Other Circumstances" section of the application, he wrote, "Due to COVID-19, I am currently unemployed and the $400 filing fee is

2

Case 2:20-cv-00780-PP    Filed 04/19/21    Page 2 of 6    Document 5

unfordable [sic]. I am trying to save money for food, medical, children and other essential expenses. Id. at 4. By the time the plaintiff had filed his eighth case, he had changed the wording to indicate that he "*was* temporarily unemployed" and that the "$400 filing fee [was] expensive" rather than unaffordable. See Case No. 20-cv-1359, dkt. no. 2 at 4. (emphasis added)

The court will require the plaintiff to file an amended motion stating whether he currently is working, explaining why he claimed no expenses related to housing (most people must pay either rent or a mortgage payment) and updating his financial information. Along with this order, the court is sending the plaintiff a blank Non-Prisoner Request to Proceed in District Court without Prepaying the Filing Fee; he should write the word "amended" at the top of the first page and use the form to provide current information.

The plaintiff is liable for the full fees in each of the eight cases he has filed even if the court eventually grants one or more of the motions to proceed without prepaying the filing fee. Every person a court allows to proceed without prepaying the filing fee is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre-payment* of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (emphasis added); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). This means that if the plaintiff chooses to proceed with all eight cases, he will owe approximately $3,200 in filing fees. If the plaintiff does not wish to be liable for

3

the filing fees in all eight cases, he may file a motion to voluntarily dismiss one or more of the cases.

## II. Screening

Once the court receives the amended motion (or the filing fee), the court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(a) and 1915(e)(2)(B). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id.

There are limits on the kinds of cases that a federal court may consider. It can consider and decide cases that involve violations of federal laws or the federal Constitution. 28 U.S.C. §1331. Federal courts also can consider and decide lawsuits between citizens of different states, if the amount they are fighting over is more than $75,000. 28 U.S.C. §1332. Federal courts cannot consider and decide lawsuits that are based only on state law, unless the plaintiff and the defendants live in different states, or unless the state-law claims relate to a federal claim.

4

The plaintiff appears to have sued Mark Zuckerberg in his capacity as the CEO of Facebook; however, the complaint contains no allegations against Zuckerberg individually. Dkt. No. 1. The plaintiff asserts that Facebook is "attempting to avoid liability consequences due to the company's continued failure to respond to numerous official complaints citing a *potential* impersonation violation." Id. at 4 (emphasis added). The plaintiff says he has reason to believe that he "may be being impersonated online" by a former Marine Corps peer named CPL Joseph Dale Priest. Id. The plaintiff would like Facebook to release "any and all related and unredacted information surrounding a Facebook account that was involved in any and all related Marines United Scandal activity since the inception of the preventable scandal, which can be currently, and or previously identified by any combination of the Plaintiff's legal name." Id. The plaintiff would like to impose a "self-ban" on both Facebook and Instagram but also would like Facebook to set up an online help center available to the public 24/7. Id.

If the plaintiff files an amended motion to proceed without prepaying the fees and/or the plaintiff pays the filing fee associated with the filing of this action, the court will screen the complaint. The court will dismiss the lawsuit if it determines that it does not have subject-matter jurisdiction, or if it determines that the complaint does not state a claim for which a federal court may grant relief. If the court dismisses the complaint for either of these reasons—lack of subject-matter jurisdiction or failure to state a claim—the

plaintiff still will owe the filing fee. The only way for the plaintiff to avoid owing the filing fee is for him to voluntarily dismiss the case.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. By the end of the day on **May 21, 2021**, the plaintiff either must file an amended motion to proceed without prepaying the filing fee or pay the $400 filing fee to the Clerk of Court.[1] The plaintiff must either file the amended motion or pay the filing fee in time for the court to *receive* it by the end of the day on May 21, 2021. If, by the end of the day on May 21, 2021, the court has not received either an amended motion to proceed without prepaying the filing fee, the $400 filing fee or a motion to voluntarily dismiss the case, the court may dismiss the case for the plaintiff's failure to diligently prosecute it. Civil Local Rule 41(c) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 19th day of April, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[1] At the time of filing, the clerk of court assessed a $400 fee for each new civil case. The fee since has increased to $402, but that increase took effect on December 1, 2020—after the plaintiff had filed this case. See wied.uscourts.gov/district-court-fee-schedule.

6

Case 2:20-cv-00780-PP   Filed 04/19/21   Page 6 of 6   Document 5